*654 OPINION.
Disney:
The question for our determination here is whether amounts accrued on its books by the petitioner, which is on the accrual basis of accounting, as interest for 1936 and 1937 constitute allowable deductions under section 23 (b), Revenue Act of 1936.[1] The petitioner contends that the situation is squarely covered by the statute. The de *655 ductions when, claimed on the returns for the taxable years were disallowed, with the explanation that it had not been shown that there was any liability or intention to pay interest on the advances made by petitioner’s parent company to it. Upon brief the respondent’s position is in substance that the parent company was holder of 100 percent of the stock of the subsidiary; that no actual payment of interest was ever proven; that the parent company charged off as a partial bad debt deduction a part of the principal upon which the petitioner calculated the interest in each of the taxable years, and that the parent included in its income the interest accrued by the petitioner, both of which deductions by the parent were disallowed by the respondent; that the interest accrued in past years having been at the end of the year added to principal upon which interest was calculated for the succeeding year, the amounts now claimed as deductions by the petitioner constitute compound interest and are therefore not allowable.
The parties seem to agree that there was indebtedness from the petitioner to its parent, that extensive payments were made thereon during prior years and in small amounts in the taxable years, and that there was agreement to pay interest thereon, although the loans and advancements were on open account. Is the petitioner entitled to accrue the amounts in question ?
Petitioner contends in effect that the respondent denies the deduction of interest because of the bad financial condition of the petitioner and that so to do would be to add an element which does not appear in the statute.
Although the respondent suggests that the subsidiary and the parent company were not dealing at arm’s length, it is not suggested that the corporate entity of the two corporations should not be recognized. The entities appear to have been recognized throughout by the Commissioner. We therefore do not consider it important to the question at hand that we have here a transaction between parent and subsidiary. Nor does it appear to us controlling that the parent during the taxable years had charged off $400,000 in 1936 and $500,000 in 1937 as partial bad debt deductions. The amounts in comparison with the total amount of the debt represent only a small fraction of the whole. The question before us is whether the subsidiary comes within the statute as to deducting accrued interest. Likewise, we are of the opinion that the fact of addition of accrued interest in prior years to principal so that in the taxable years the amounts accrued are calculated to some extent upon an indebtedness including past interest, does not deprive the petitioner of the benefits of section 23 (b), Kevenue Act of 1936, giving it a right to the allowance of deduction of interest accrued upon indebtedness. In our opinion the fact that there has been some compounding of interest does not mean that the deductions here claimed are not interest in the sense that they constitute compensation *656 for the use of money. Petitioner had the use of the parent company’s money and recognized and accrued on its books its liability therefor at a rate required both by its records and by the law of Texas. We find nothing in Old Colony Railroad Co. v. Commissioner, 284 U. S. 552; Deputy v. du Pont, 308 U. S. 488; United States v. Collier, 104 Fed. (2d) 420; or Agnes I. Fox, 43 B. T. A. 895, to indicate that the petitioner herein was not accruing interest within the meaning of the statute. Agnes I. Fox did not involve interest paid upon interest which had been added to principal, the question there being whether the petitioner could claim deduction as interest of amounts which had been interest but had been added to the principal by the creditor. Here there is involved only the amount accrued in the taxable years, upon the indebtedness existing at the beginning of such years.
We think that the prime question here is the one suggested in the deficiency notice to the parent company, and the revenue agent’s report upon which the deficiency herein was based, that is, whether the petitioner may be deprived of the deduction of accrued interest because of its precarious financial condition and the possibility, which in no event can be said to be more than a probability, and is obviously not a certainty, that the petitioner will never be able to pay such interest. We agree with the petitioner that so to hold would be to add to the statute. Though long in a bad financial condition, petitioner owned property of a value of several million dollars, was widely engaged in business, and had a large income from producing and refining of oil. It was endeavoring to pay the interest. We may well take judicial notice of the fact that the oil business is subject to great variation and that petitioner’s extensive properties, which were more valuable in 1937 than in 1936 (although it is true that its net debt to the parent had increased), might become sufficient to pay interest and principal. We find ourselves unable to conclude from the record before us that interest should not be accrued upon the petitioner’s indebtedness. Ours is but to construe the statute, not to add to it. That the creditor is not required to accrue items about which there is strong contingency as to payment, does not, we think, indicate that the debtor is not entitled to and required to accrue interest items in the year when they constitute a liability, notwithstanding the fact that the debtor’s assets may not prove sufficient to discharge such liability accrued. Obviously, the accrual is not allowable in any other year. We conclude and hold that the petitioner was'entitled to deduct the items accrued as interest in the taxable years. It is unnecessary in the light of this conclusion to discuss the payments actually made within the taxable years.
Reviewed by the Board.

Decision will be entered under Rule 50.

Smith, TueNee, Mellott, and OppeR dissent.'

 SEC. 23. deductions EEOM GROSS INCOME.
In computing net income there shall be allowed as deductions:
****** *
(b) Interest. — All interest paid or accrued within the taxable year on indebtedness, except on Indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title.